UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARTIAN BURTIC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil No. 8-381-P-S ) |
| KEYBANK NA, | ) ) |
|     Defendant. | ) |

**RECOMMENDED DECISION**

On November 6, 2008, Martian Burtic filed a document entitled "Motion for Relief from Judgment of Foreclosure pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), & (3)." Burtic attached to his motion a copy of a memorandum of decision from the Maine Supreme Judicial Court, dated November 6, 2007, affirming a judgment of the Maine Superior Court (Cumberland County) granting summary judgment to KeyBank National Association on its complaint for foreclosure against Burtic. Our Clerk opened a new case, assigning it docket number 8-381, even though Burtic had neither paid a filing fee nor filed an application to proceed in forma pauperis. Then, after four months, the clerk's office issued a standard order to show cause because service had not been made. Burtic responded to the order to show cause by filing supplemental motions, including an application to proceed in forma pauperis. (Doc. No. 4.) I granted Burtic leave to proceed without prepayment of the filing fee and directed that service was to be made by the United States Marshal with the proviso that Burtic was to return a properly completed summons for service to the clerk by March 31, 2009. I also noted the following:

> A word of explanation is in order. In November of 2006 Burtic attempted to remove a foreclosure action from the Cumberland County Superior Court. (See Keybank National Association v. Burtic, 2:06-CV-00210- GZS). It appears this case may arise

> from the same nucleus of operative facts. In any event, that case was ultimately dismissed without prejudice because service was never made upon the numerous defendants named in that action. Pursuant to the procedures then in effect in this court, Burtic would have had to request service of the documents and he never did. However, since Burtic is proceeding in forma pauperis in this new case and District of Maine Local Rule 4 has been abrogated, Burtic no longer has any obligation to request service and service will be made by the U.S. Marshal upon the conferral of in forma pauperis status in accordance with Rule 4 of the Federal Rules of Civil Procedure and Laurence v. Wall, 551 F.3d 92, 94 at n. 1(1st Cir. 2008).

(Mar. 23, 2009, Order at 2, Doc. No. 5.)

Burtic may have believed that the motion for relief from judgment, which was treated by the Clerk as a new complaint, was part and parcel of his earlier aborted "removal" of the foreclosure action.[1] In any event, the Court has heard nothing from Burtic since March 20, 2009.

This "complaint" simply fails to state any claim and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Burtic is obviously unhappy with a foreclosure action that KeyBank brought against him in the state court. In his earlier complaint and in this case he mentions Washington Mutual Bank as the holder of the mortgage, and in fact he named Washington Mutual Home Loans as a defendant in the earlier action, but it is unclear what role that institution may have had in the state foreclosure action. Burtic's sporadic attempts at litigation in this court have been ill-conceived. Since he began the litigation here in 2006 he has obviously been involved in state court litigation and pursued his appeal to the Maine Law Court. Both in 2006 and in this present action he postures this case as either an appeal of the state court judgment or a motion for relief from that judgment. This court can do neither per Rooker v. Fidelity Trust Co.,

---

[1] It had been explained to Burtic in the context of that case that he could not "remove" a case from state court after it had already been reduced to judgment in the state court and that if he sought to appeal the judgment he had to pursue an appeal within the state court system. (Burtic v. KeyBank., 2:06-CV-210, Doc. No. 4, (D. Me.). Ultimately this Court dismissed the earlier federal case, but Burtic's submissions make clear that he pursued state court remedies.

263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

## Conclusion

Based upon the foregoing, I recommend the Court dismiss this action because of Burtic's failure to complete the necessary paperwork to allow the Marshal to make service on KeyBank and because this action does not state any claim cognizable in this court.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 3, 2009